# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

DESHAWN L. ADAMS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

CASE NO.   05-CV-10327
              04-CR-20027-02

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S SECOND REPORT AND RECOMMENDATION ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE
(Dkt. 210)

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED**.

## II. REPORT

### A. Introduction

The above-entitled motion was filed on December 22, 2005, and was originally referred to the undersigned judicial officer by United States District Judge David Lawson on January 5, 2006. (Dkt. 213.) After extensions of time, the Government filed a response opposing Petitioner's motion (Dkt. 239)[1] and the Petitioner filed a reply. (Dkt. 242.) On January 12, 2007, a Report and Recommendation ("R&R") was issued, recommending that the motion for resentencing be granted

---

[1] Prior to the Government's response, Petitioner filed a motion for leave to amend his petition. (Dkt. 222.) Judge Lawson granted the motion and ordered Petitioner to file his amended petition on or before April 7, 2006. (Dkt. 224.) No amended petition was ever filed.

in part and a hearing held to determine the correct status of Petitioner's underlying state court drug conviction. (Dkt. 254.) In all other respects, the R&R recommended denial of the motion.

On January 22, 2007, Judge Lawson referred the case to the undersigned to conduct the recommended evidentiary hearing. (Dkt. 255.) The hearing was held on May 16, 2007, at which time the Court ordered supplemental briefing. Petitioner's supplemental brief was filed on May 29, 2007 (Dkt. 261), and the Government filed its responsive brief on June 15, 2007. (Dkt. 264.) After review of all the relevant documents and briefs and with the benefit of oral argument, I conclude that pursuant to E.D. Mich LR 7.1(e)(2), this motion is ready for Report and Recommendation.

**B.     Background**

In April 2004, Petitioner was charged in a criminal complaint with conspiracy to possess and distribute 50 or more grams of "crack" cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Dkt. 3.) Attorney Elias Escobedo was appointed to represent him. (Dkt. 18.) One month later, Petitioner was charged with the same offenses in a two-count indictment. (Dkt. 103.)

Five months after the indictment, Petitioner entered into a Rule 11 Plea Agreement in which he agreed to plead guilty to conspiracy to distribute five or more grams of "crack" cocaine. (Dkt. 132.) In return for this plea, the Government agreed to dismiss count two of the indictment. (*Id*.) As part of the plea agreement, Petitioner stipulated to a two-level enhancement for the role he played in the offense. (*Id*.) Petitioner also agreed that he committed this offense after a previous conviction for a felony drug offense had become final. (*Id*. at 3.) In addition, Petitioner agreed to waive his right to challenge the application of the sentencing guidelines. (*Id*. at 7.)

A Presentence Investigation Report was issued December 10, 2004. The report disclosed an offense level of 29 and a criminal history category of III. The report indicated that because of

Petitioner's prior felony drug conviction, he faced a 10-year mandatory minimum sentence. Petitioner's guideline sentencing range was calculated to be between 120 and 135 months. Neither party filed objections to any provision of the Presentence Investigation Report. On January 13, 2005, Petitioner was sentenced by Judge Lawson to the minimum 120-month custodial sentence as calculated in the Presentence Investigation Report. No direct appeal was filed. Instead, eleven months later, Petitioner filed the instant motion arguing that he was denied his right to effective assistance of counsel.

### C. Standards of Review

#### 1. Governing Law of § 2255 Motions

In order to prevail on a § 2255 motion, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).

A § 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim under § 2255 that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation. *Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994). However, the Sixth Circuit has held that a post-conviction motion under § 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)).

At sentencing, a prior conviction is "presumptively valid and may be used to enhance the federal sentence." *Daniels v. United States*, 532 U.S. 374, 382, 121 S. Ct. 1578, 1583, 149 L. Ed. 2d 590 (2001). Similarly, a "Defendant has the burden of proof [to challenge the validity of a prior

3

conviction used to enhance a sentence] in 2255 proceedings." *United States v. Otero*, 2005 WL 1677895, *3 (M.D. Pa. July 18, 2005) (citing *Langston v. United States*, 105 F. Supp. 2d 419, 422 (E.D. Pa. 2005) (challenging validity of state conviction used for federal sentencing enhancement)).

## 2. Governing Law of Ineffective Assistance of Counsel Claims

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-prong test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, ___ F.3d ___ , 2007 WL 1730096, *6 (6th Cir. June 18, 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id.* at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id.* at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v.*

4

*Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

### D.     Arguments of the Parties

Petitioner argues that his counsel was ineffective for failing to argue that his criminal history was wrongly scored. Petitioner asserts that the history included a prior state court felony drug conviction for "Attempted Delivery/Manufacturing - Narcotics Cocaine L/50 Grams" despite the state court's acquittal and dismissal of the offense[2] pursuant to Michigan's Holmes Youthful Trainee Act ("HYTA").[3] The Presentence Investigation Report shows this as Petitioner's only felony conviction, and thus it was the sole basis for Judge Lawson's application of the statutory mandatory minimum. Petitioner supports his contention by attaching a Wayne County Michigan "Order of Acquittal/Dismissal" form dated July 27, 2005. (Pet. at Ex. A.)

---

[2]This case is alternately referred to in the documents proffered by the parties as Wayne County Michigan Circuit Court Case No. 03012125-01 and Case No. (1)03012125.

[3]Receiving the benefits of youthful trainee status requires entry of a guilty plea. MICH. COMP. LAWS § 762.11. I note that the HYTA statute does not use the term "expunge" or "expungement." Instead, the statute provides that if youthful trainee status is not terminated or revoked, "upon final release of the individual from the status as youthful trainee, the court shall discharge the individual and dismiss the proceedings." MICH. COMP. LAWS § 762.14(1). The statute provides that upon final release from youthful trainee status, a defendant's record is "closed to public inspection." MICH. COMP. LAWS § 762.14(4).

Exhibits attached to the Government's response, however, indicate that on October 28, 2003, Petitioner plead guilty to Attempted Delivery/Manufacture of Cocaine in an amount less than 50 grams. (Dkt. 239 at Ex. A.) Petitioner was placed on probation for one year with a number of conditions and was given HYTA status. (*Id.* at Exs. A, B.) Eight months later, a petition requesting a bench warrant was issued based on allegations that Petitioner had violated numerous conditions of his probation and had been arrested by federal authorities on drug charges. (*Id.* at Ex. C.) The bench warrant issued. (*Id.*) In late May 2005, a Motion and Order for Discharge from Probation issued, stating: "On 5/14/05 the defendant pled guilty to violation of probation and case was closed without improvement by Your Honor." (*Id.* at Ex. D.) Again, notations pertaining to the Holmes Youthful Trainee Act appear on this document.

**E.      Discussion**

Records of the Law Enforcement Information Network (LEIN) unequivocally indicate: "HYTA [status] revoked." In spite of this notation and the documents proffered by the Government, weeks of diligent searching by staff members of the Wayne County, Michigan, Circuit Court Clerk's Office has revealed no present evidence, either in electronic or hard-copy form, that this conviction currently exists on Petitioner's record. While this fact could certainly indicate other outcomes, according to judicial assistants in the Wayne County Circuit Court Clerk's Office, failure to find this case file also could indicate that Petitioner in fact met the requirements for HYTA status and was never "convicted" of the offense.

At the evidentiary hearing held May 16, 2007, Petitioner argued that revocation of HYTA status is not a conviction under 28 U.S.C. § 841(b)(1)(B). In the alternative, he argued that any "closing" of the state case was due to the fact that Petitioner was, by that time, in federal custody so the state court simply chose not to pursue Petitioner. In his supplemental brief, Petitioner adds

6

that although case law would support the notion that a deferred adjudication, such as HYTA status, does constitute a prior conviction for federal sentencing purposes, the instant case is distinguishable because Petitioner does not have a right to appeal since there was no final judgment or order from which to appeal. (Dkt. 264 at 3, contrasting *United States v. Petros*, 747 F. Supp. 368 (E.D. Mich. 1990), and *United States v. Miller*, 434 F.3d 820 (6th Cir. 2005)).

The Government asserted during oral argument that Petitioner stipulated in the Rule 11 agreement that he had a state court conviction and therefore his counsel was not ineffective for believing him. The Government added in its supplemental brief that the HYTA conviction was not unconstitutional and therefore may be used to enhance. (Dkt. 261 at 2.) In addition, the Government relies on *Petros, supra*, and *United States v. Campbell,* 980 F.2d 245 (4th Cir. 1992)*,* both of which held that a sentence of probation under a state deferral statute is a conviction for federal sentence enhancement purposes. (Dkt. 261 at 4-6.)

Petitioner acknowledges that *Petros* and *Miller* support the Government's position. However, Petitioner attempts to distinguish them by contending that, unlike the defendants in *Petros* and *Miller*, he does not have a right to appeal because the imposition of HYTA status was not a final appealable order. I suggest that this purported distinction is without support. In *Miller,* the court considered whether a sentence of probation under a Georgia first-offender provision (which provided that no conviction would enter if the two-year term of probation were completed successfully) could be considered a conviction under 28 U.S.C. § 841(b)(1). The defendant in *Miller* argued that there was a difference between a prior conviction and a conviction that has become final and that, because in his case a "formal judgment of conviction was never entered," the conviction was not final and could not be used to enhance a sentence under 21 U.S.C. § 841. *Id.* at 823. The court noted that a "conviction becomes final for the purpose of federal sentencing

when the time for taking a direct appeal from the judgment of conviction has expired" and added that, under Georgia law, the imposition of first offender status takes the place of a sentence and is considered a final and appealable order. *Id.* at 823-24.[4]

In *Campbell, supra*, the court noted that Virginia's first offender deferral statute is "virtually identical" to the Michigan HYTA statute and held that deferral status and attendant probation was a conviction for enhancement purposes under 21 U.S.C. § 841. *Campbell,* 980 F.2d at 251[5] (relying on *Petros,* 747 F. Supp. at 373). The Court in *Petros* held that a similar Michigan youth offender deferral status, "7411" status,[6] and its attendant probation is a conviction for sentencing-enhancement purposes under 21 U.S.C. § 841, even though a conviction would not enter if defendant successfully completed his probationary term. *Id.* (cited with approval in *Miller,* 434 F.3d at 824, and *United States v. Hughes*, 924 F.2d 1354, 1359 (6th Cir. 1991)). *See also United States v. Graham*, 315 F.3d 777, 783 (7th Cir. 2003) (holding that "the fact that Graham received probation that was later discharged does not alter the fact that he possesses a prior drug-related felony conviction qualifying him for the enhancement under § 841(b)(1)(B)"); *United States v. McAllister*, 29 F.3d 1180, 1185 (7th Cir. 1994) (holding that defendant's "probation, although he completed it and was discharged, constitutes a prior conviction under §

---

[4]Although reference to state law may be helpful, "federal law controls the interpretation of § 841," thus, a conviction will be considered final "'either because of disposition on appeal and conclusion of the appellate process, or because of the passage, without action, of the time for seeking appellate review.'" *United States v. Maxon*, 339 F.3d 656, 659 (8th Cir. 2003) (citing 21 U.S.C. § 841(b)(1)(B)).

[5]The holding in *Campbell* was extended to apply to situations where a defendant enters a plea of *nolo contendere* in *United States v. Wright*, 238 F.3d 418, 2000 WL 1846340 (4th Cir. Dec. 18, 2000). *See also United States v. Storer*, 413 F.3d 918, 922 (8th Cir. 2005) (holding that *nolo contendere* plea with adjudication withheld was a conviction for sentencing enhancement under 18 U.S.C. § 2252A, child pornography); *United States v. Cuevas*, 75 F.3d 778, 784 (1st Cir. 1996) (holding that plea of *nolo contendere* followed by probation was a prior conviction for purposes of enhancement under immigration law).

[6]7411 status applies to first-time controlled substance offenders and operates in the same manner as HYTA status.

841(b)(1)(B)"). This conclusion is further buttressed by *Uritsky v. Gonzales*, 399 F.3d 728, 735 (6th Cir. 2005), which held that HYTA status was a conviction for immigration purposes under the Immigration and Nationality Act. Michigan law supports this conclusion as well. *See People v. Dash*, 216 Mich. App. 412, 413 (1996).[7]

In addition, this result comports with the United States Supreme Court's observation that "one cannot be placed on probation if the court does not deem him to be guilty of a crime." *Dickerson v. New Banner Inst., Inc.,* 460 U.S. 103, 113-14, 103 S. Ct. 986, 74 L. Ed. 2d 845 (1983) (holding that plea of guilty to a kidnapping charge resulting in a deferred probationary sentence was a conviction under 18 U.S.C. § 922(g)).[8] This observation is especially relevant where, as here, Michigan law requires the youthful defendant to plead guilty to the crime before HYTA status can be imposed. *See* MICH. COMP. LAWS § 762.11.

Finally, I note that referral to the federal sentencing guidelines would support the same result. The relevant guideline provides, and provided in 2004, that:

> Diversion from the judicial process without a finding of guilt (*e.g.*, deferred prosecution) is not counted. **A diversionary disposition resulting from a finding or admission of guilt,** or a plea of *nolo contendere,* in a judicial proceeding **is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered**, except that diversion from juvenile court is not counted.

U.S.S.G. § 4A1.2 (emphasis supplied). This rule "reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." *Id.*, Comment 9 (2004) and (2006). *See also United States v. Pierce*, 60 F.3d

---

[7] In addition, under the Michigan sentencing guidelines, "conviction" for purposes of prior offense variables includes assignment to youthful trainee status. 2 Gillespie Mich. Crim. L. & Proc., § 22.107. However, as noted *infra*, n. 3, federal law controls. I refer to Michigan law simply to note that is in accord with federal law in this instance.

[8] Congress amended § 922 after its disapproval of the ruling in *Dickerson* but that has not affected application of *Dickerson* in other contexts.

9

886, 892 (1st Cir. 1995) (holding that diversionary disposition was a conviction under guideline § 4B1.1).

Michigan's youthful trainee status qualifies as a "diversionary disposition," I suggest, because any conviction is not entered until the status is revoked, whereas expungement can only apply to an entered conviction.[9] Thus, under the guidelines, HYTA status may properly be considered for federal sentencing purposes whether or not Defendant's youthful trainee status was revoked.[10]

Accordingly, I suggest that since Petitioner's HYTA status was properly considered a conviction for sentence-enhancement purposes under 21 U.S.C. § 841 and the sentencing guidelines, Petitioner cannot show that counsel was ineffective for failing to object to its inclusion in the Presentence Investigation Report, and that Petitioner's motion should be denied.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

---

[9] See, *infra*, n. 3.

[10] On the other hand, "an expunged conviction may not be included in a defendant's criminal history calculation." *Cox,* 83 F.3d at 339; U.S.S.G. § 4A2.1(j).

10

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                            s/ *Charles E Binder*
                                                    CHARLES E. BINDER
Dated: July 11, 2007                         United States Magistrate Judge

### CERTIFICATION

      I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Robert Dunn, Judith Gracey, Kerry Jackson, James Mitchell, Rodney O'Farrell, Russell Perry, Jr., Kendall Sailler, Kenneth Sasse, and on Thomas Mengesha by first class mail, and served on U.S. District Judge Lawson in the traditional manner.

Date: July 11, 2007                                 By     s/Patricia T. Morris
                                                                    Law Clerk to Magistrate Judge Binder